UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XAVIER RODRIGUEZ on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:17-cv-541 |
| v. | § § | JURY TRIAL DEMANDED |
| SILK ROAD PROPERTIES, LLC, DONYA, LLC, and MOHAMAD JAVADI, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Silk Road Properties, LLC, Donya, LLC, and Mohamad Javadi ("Defendants") required Plaintiff Xavier Rodriguez ("Plaintiff") to work more than forty (40) hours as a property maintenance worker. Defendants misclassified Plaintiff as an independent contractor and attempted to pay him straight time for his overtime hours worked. Additionally, during some weeks, Defendants did not pay Plaintiff anything, much less the minimum wage. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff and other similarly situated employees, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week and the minimum wage for every hour worked. *See* 29 U.S.C. §§ 206, 207.

2. Plaintiff brings a collective action to recover unpaid overtime and minimum wage compensation owed to him individually and on behalf of all current and former maintenance workers also misclassified as independent contractors. Those other workers are referred to herein as the "Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

5. Plaintiff worked in this District when the violations took place.

6. Defendants Silk Road Properties, LLC and Donya, LLC maintain their principal headquarters in Houston, Texas.

7. Defendant Mohamad Javadi is a resident of Harris County.

8. Defendants' compensation policies and practices, including those that violate the FLSA as alleged herein, originated and were decided at Defendants' principal headquarters in Houston, Texas.

## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Xavier Rodriguez is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

10. Defendant Silk Road Properties, LLC is a limited liability company organized under the law of Texas. Defendant may be served process through its registered agent Mohamad Javadi, 13630 Beamer Rd. # 107 Houston, Texas 77089.

11. Defendant Donya, LLC is a limited liability company organized under the law of Texas. Defendant may be served process through its registered agent Mohamad Javadi, 13630 Beamer Rd. # 107 Houston, Texas 77089.

12. Defendant Mohamad Javidi is the president and owner of Defendants Silk Road Properties, LLC and Donya, LLC and can be served at his principle place of business 13630 Beamer Rd. # 107 Houston, Texas 77089.

## FLSA Coverage

13. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

14. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

15. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

16. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id*.; *Reich v. Circle C. Investments, Inc*., 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 971-72 (5th Cir. 1984).

17. Defendant Javadi is the owner of Defendants Silk Road Properties, LLC and Donya, LLC.

18. Defendant Javadi is involved in the day-to-day business operation of Defendants Silk Road Properties, LLC and Donya, LLC.

19. Defendant Javadi controlled the Plaintiff's schedule.

20. Defendant Javadi had final authority over the content of employee handbooks.

21. Defendant Javadi approved Plaintiff's compensation structure.

22. Defendant Javadi had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

23. Defendant Javadi hired Plaintiff.

24. Plaintiff was hired as a property maintenance worker.

25. Defendant Javadi hired other property maintenance workers.

26. Defendant Javadi made the decision to classify Plaintiff as a contractor.

27. Defendant Javadi made the decision not to pay Plaintiff overtime or the minimum wage.

28. Defendant Javadi made the decision not to pay Class Members overtime or the minimum wage.

29. Defendant Javadi fired Plaintiff.

30. Defendant Javadi fired other property maintenance workers.

31. As such, Defendant Javadi is the employer of Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

32. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-*

*Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

33. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

34. Both the individual and enterprise coverage are applicable in this case.

35. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id*. (citing

*Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

36. At all material times, Plaintiff and the Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

37. Here, Defendants employed Plaintiff and the Class as part of their property management business. Plaintiff's and the Class Members' regular job duties consisted of maintaining and cleaning buildings using tools and equipment that moved through interstate commerce.

38. Second, with regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, (citing, 29 U.S.C. § 203(s)(1)(A)).

39. Here, Defendants have had, and continues to have, an annual gross business volume in excess of the statutory minimum.

40. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendants themselves engaged in interstate commerce because they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with companies based in other states, process customers' credit cards with banks in other states, and sell equipment that moved across state lines.

# FACTS

41. Defendant Silk Road Properties, LLC is a full service commercial real estate acquisition and management company headquartered in Houston, Texas.

42. Defendant Silk Road Properties, LLC is the managing company of Defendant Donya, LLC.

43. Both Silk Road Properties, LLC and Donya, LLC are owned and operated by Defendant Javadi.

44. Defendants manage a collection of office buildings, strip centers, and residential properties across the Houston area.

45. Plaintiff Rodriguez worked for Defendants as a maintenance worker.

46. Plaintiff provided manual labor to Defendants.

47. Defendants benefited from Plaintiff's manual labor.

48. Defendants failed to compensate Plaintiff for the manual labor Plaintiff provided to Defendants.

49. As a condition of his employment, Plaintiff Rodriguez was required to execute a document entitled "Contract Establishing Independent Contractor Relationship with Service Provider" with Defendants Donya, LLC and Javadi. That contract also provided that Plaintiff was to perform maintenance work for all properties owned and/or managed by Defendant Silk Road Properties, LLC.

50. Despite being required to sign an independent contractor agreement, Plaintiff Rodriguez was an employee under the FLSA, not an independent contractor.

51. His primary duties, as described in the agreement he was required to sign, included sheet rock work, plastering, painting, carpentry, roof patching, mowing, interior cleaning, and other types of work associated with property maintenance.

52. His work was characterized by a low degree of skill and as a matter of economic reality he was not in business for himself.

53. Moreover, the following conduct demonstrates that Defendants acted as the employer of Plaintiff and the Class Members:

   a. Defendants required Plaintiff and the Class Members to turn in the hours they worked once a week just like normal hourly paid-employees;

   b. Defendants paid Plaintiff and the Class Members an hourly rate that it unilaterally set;

   c. Defendant required Plaintiff and the Class Members to report their assigned property at a set time;

   d. Plaintiff and the Class Members had no control over which property to which they would be assigned;

   e. Defendants assigned Plaintiff and the Class Members so many hours of work per week (often more than 50) that as a practical matter they were precluded from working elsewhere;

   f. Defendants controlled the amount of hours Plaintiff and the Class Members worked;

   g. Plaintiff and the Class Members services were integrated into Defendants' operations;

   h. Plaintiff and the Class Members were required to complete their work in an order set by Defendants; and

   i. Defendants maintained the right to terminate Plaintiff and the Class Members at will.

54. Furthermore, the degree on investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendants' incurred. Plaintiff and the Class Members provide nothing but labor or the occasional simple hand tool. On the other hand, Defendants incur all the costs of operating a business, such as the expenses of marketing, property ownership, and the employment of other support personnel.

55. The investment spent by Defendants was greater than that of an individual property maintenance worker.

56. Without the labor performed by Plaintiff and the Class Members, Defendants could not operate their property management company.

57. Despite these facts, Defendants misclassify their maintenance workers as independent contractors and simply pay a flat hourly rate regardless of the number of hours worked, in clear violation of the FLSA.

58. Plaintiff and the Class Members frequently worked in excess of 40 hours per week but were paid no overtime compensation for that time.

59. On top of misclassifying its maintenance workers as independent contractors and not paying overtime, in some weeks Defendants do also not pay the minimum wage.

60. For instance, despite working more than 40 hours during his final week of employment, Defendants have refused to pay Plaintiff anything for his labor.

61. In February of 2017, Defendants terminated Plaintiff's employment after he complained to his supervisor about not receiving overtime compensation. When Plaintiff asked what he need to do to be paid for this time, he was told to get a lawyer.

62. Defendants have built their business on underpaying their employees. They employ dozens of other workers across the Houston area that they also illegally misclassify as independent

contractors. Those employees should be apprised on this action and informed of their right to join it.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of Defendants' employees:

**All hourly paid maintenance workers classified as independent contractors.**

64. Plaintiff has first-hand knowledge, through his personal work experience and communications with other employees of the Defendants, that these classes of similarly-situated employees exist who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

65. Defendants use the same compensation structure regardless of the location of employment of a particular Class Member.

66. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

67. All Class Members perform the same essential job functions regardless of branch location.

68. Defendants have a common job description that applies to all Class Members.

69. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees, and the denial of overtime pay.

70. The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

71. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

72. Defendants have hired more than five other maintenance workers during the three years prior to the filing of this Complaint who have not been paid one and one-half their hourly rate for hours worked over forty.

73. Defendants have hired more than ten other maintenance workers during the three years prior to the filing of this Complaint who have not been paid one and one-half their hourly rate for hours worked over forty.

74. Defendants have classified more than five other maintenance workers during the three years prior to the filing of this Complaint as independent contractors.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

75. Plaintiff incorporates the preceding paragraphs by reference.

76. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

77. Defendants violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek because they misclassified those workers as exempt or as independent contractors.

78. Defendants cannot satisfy its burden to show that any exemption applies.

79. Defendants have, therefore, violated and continues to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

80. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.

81. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

82. Defendants intentionally misclassified Plaintiff and Class Members in order to avoid their obligations under the FLSA.

83. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**
**(COLLECTIVE ACTION)**

84. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

85. At all times relevant to this action, the FLSA required Defendants to pay at least $7.25 an hour for every hour its worked. 29 U.S.C. § 206(a).

86. As described herein, Defendants failed to pay Plaintiff and the Class Members the minimum wage for all hours worked.

87. Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## Count III
## Violation of the Fair Labor Standards Act
## Retaliation
## (On Behalf of Plaintiff Individually)

88. Plaintiff incorporates the proceeding paragraphs by reference.

89. Defendants terminated Plaintiff's employment because he engaged in protected activity under 29 U.S.C. § 215(a)(3), specifically, Plaintiff complained to his supervisor that he was not being paid overtime and he was terminated because of these complaints.

90. As a result of Defendants' retaliation, Plaintiff has suffered damages, including but not limited to, emotion distress, lost wages, and legal costs. As of the filing date of this Compliant, Plaintiff has been unable to secure replacement employment.

91. Defendants' conduct was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to an award of punitive damages.

92. For this act of retaliation, Plaintiff seeks compensatory, emotional distress, and punitive damages, as well as attorney's fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

93. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week and the minimum wage for all hours worked each week.

94. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums and unpaid minimum wage compensation as liquidated damages.

95. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

96. As to Count III, Plaintiff is entitled to recover an award of general and compensatory damages, including but not limited to emotion distress.

97. As to Count III, Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

98. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

99. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

    a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

    b. The minimum wage for every hour worked;

    c. Damages for emotional distress, lost wages, and compensatory damages as a result of Defendants' retaliation;

    d. An equal amount of their unpaid overtime premiums and unpaid minimum wage compensation as liquidated damages, as allowed under the FLSA;

    e. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

    f. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813